**Angel GUITY, Appellant,**

v.

**C.C.I. ENTERPRISE, COMPANY, Appellee.**

**No. 01–00–01038–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 23, 2001.

Peter Costea, Houston, for Appellant.

Charles L. Henke, Jr., Scott Christopher Gillett, Henke & Associates, Houston, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and BRISTER.*

## OPINION

NUCHIA, Justice.

Appellant-plaintiff Angel Guity appeals from a summary judgment granted in his favor in a suit against appellee-defendant C.C.I. Enterprises, Company ("C.C.I."), for unpaid overtime wages under the Fair Labor Standards Act ("FLSA").[1] *See* 29 U.S.C. A. § 207(a) (West 1998). In a single point of error, Guity contends the trial court erred in denying his full recovery of attorney's fees. We affirm in part and reverse in part.

## BACKGROUND

On appeal neither party complains about the trial court's granting of summary judgment on the underlying claim. The only issue before us is the trial court's award of attorney's fees.

Attached to Guity's summary judgment motion was the affidavit of Peter Costea, Guity's attorney. In it, Costea claims $8,325.00 in attorney's fees for prosecuting the suit, and he also sets out why that amount is reasonable. C.C.I.'s response motion to Guity's motion for summary judgment included the affidavit of its at-

---

* The Honorable Scott Brister, who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to participate by assignment for the disposition of this case, which was submitted on May 14, 2001.

1. Section 216(b) of the Fair Labor Standards Act gives state courts jurisdiction to hear cases involving suits for overtime pay. 29 U.S.C.A. § 216(b) (West 1998) ("An action to recover ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction. ...").

torney, Charles L. Henke, Jr. After also setting out his qualifications and professional experience, Henke's affidavit lists a set of factors courts follow in determining the reasonableness of attorney's fees. The affidavit concludes by stating that a "reasonable fee for the necessary services performed to date in connection with the prosecution of this case is $500.00." In its final order, the trial court awarded Guity $500.00 in attorney's fees. Guity appeals that amount.

## DISCUSSION

The relevant portion of the FLSA states, "The court in such action, shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b) (West 1998). The language of the statute is mandatory; that is, a prevailing plaintiff must be awarded reasonable attorney's fees and costs in actions brought under the FLSA. *See Purcell v. Seguin State Bank and Trust Co.*, 999 F.2d 950, 961 (5th Cir.1993).

■ In this case, the award of attorney's fees was made as a matter of summary judgment. The award of attorney's fees in a summary judgment is improper unless the evidence of the reasonableness of those fees is uncontroverted. That is not the case here, given that conflicting affidavits from opposing attorneys were presented.[2] *General Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 601 (Tex.App.—Houston [1st Dist.] 1993, writ denied). When the amount of attorney's fees is not conclusively established, the attorney's fees question may be severed and remanded for trial. *Id.* at 602.

■ In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state law. *See Purcell,* 999 F.2d at 961 (setting out the federal standard); *Arthur Andersen v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (setting out the state standard and citing to Tex. Disciplinary R. Prof'l Conduct 1.04, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R., art. X, § 9)); *Gorges Foodservice, Inc. v. Huerta,* 964 S.W.2d 656, 673 (Tex.App.—Corpus Christi 1997, no pet.).

■ However, because federal law provides a very specific framework for analyzing the reasonableness of attorney's fees under statutes like the FLSA, the federal framework must be followed in determining and reviewing the reasonableness of attorneys's fees under section 216. *See Hensley v. Eckerhart,* 461 U.S. 424, 430–33, 103 S.Ct. 1933, 1937–39, 76 L.Ed.2d 40 (1983). In *Hensley,* the Court noted that the standards set forth in that opinion "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* 461 U.S. at 433, 103 S.Ct. at 1939 n. 7. Congress has mandated the award of attorney's fees to a prevailing party in FLSA claims. *See* 29 U.S.C.A. § 216(b) (West 1998).

■ To calculate reasonable attorney's fees, the fact finder should multiply the number of hours worked by the attorney's hourly rate. *Purcell,* 999 F.2d at 961. Both the number of hours and the hourly rate must be reasonable. *Id.* The resulting amount is commonly referred to as the "lodestar" figure. After calculating

**2.** In addition to the affidavit disputing the reasonableness of attorney's fees sought by Guity, C.C.I's motion opposing Guity's motion for summary judgment asserted that "there is a genuine issue of material fact whether these [attorney's] fees are reasonable...."

the lodestar amount, "the district court can adjust the amount upward or downward to account for the well-established *Johnson* factors." *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required; (4) the effect on other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.1993).

The cause, therefore, is remanded for a determination and award of reasonable attorney's fees. Appellant's point of error is sustained.

We affirm the portion of the judgment awarding overtime wages and liquidated damages, and reverse the portion of the judgment awarding attorney's fees, and remand the cause for further proceedings.