Opinion issued February 15, 2007

















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00683-CV

 __________


THE AIM GROUP, INC., Appellant


V.


LARRY GOLDEN, Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 03-CV-03449





MEMORANDUM OPINION

 

 After a bench trial in this case involving overtime pay under the Fair Labor and
Standards Act ("FLSA"), the trial court awarded appellee, Larry Golden, his overtime
pay and attorney's fees. See 29 U.S.C.A. § 207(a) (West 2005). In its sole point of
error, appellant, The AIM Group, Inc. ("AIM"), contends that the trial court erred
when it allowed testimony from Golden's attorney despite his failure to "disclose the
general substance of the mental impressions and opinions of his expert on attorney's
fee." We affirm.

Factual and Procedural Background


 Golden sued AIM, his employer, under the FLSA in an attempt to recover
unpaid overtime wages. (1) Golden also sought damages for the attorney's fees that he
incurred pursuing his claim. In response to AIM's pretrial request for disclosures
concerning the attorney's fees, Golden responded that his attorney, Peter Costea, 

 may testify about the Plaintiff's attorney's labor and services in the
preparation and litigation of this case, the necessity of same, and the
reasonableness of the charges for his labor and services in this case. He
may additionally testify that $185.00/hour is a reasonable and necessary
fee for the Plaintiff's attorney's services and labor in this case.


Golden did not supplement this disclosure before trial. 

 At trial, Costea testified to his attorney's fees. Before he testified, AIM
objected because of Golden's "failure or refusal to disclose" the general substance of
the expert's mental impressions and his failure to produce all documents, reports, and
data compilations, and materials prepared by Costea in anticipation of his testimony. 
The trial court overruled the objections, and Costea testified that he met with Golden,
reviewed and summarized the depositions, and prepared the legal argument. Costea
also testified that he has litigated over 50 FLSA cases throughout the past 14 years,
in addition to preparing approximately 30 appeals. He stated that his hourly rate was
$185 and that he had worked a total of 101 1/2 hours on Golden's case, totaling
$18,777.50 in attorney's fees. On cross-examination, Costea admitted that, within 30
days prior to trial, Golden had not furnished AIM with an amended response to its
request for disclosure that included the number of hours that Costea had worked on
the case. See Tex. R. Civ. P. 193.5. AIM admitted into evidence Costea's summary
of the work performed in preparation of the case. 

 AIM also sought attorney's fees, and, having disclosed his prior billing to
Golden by way of supplemental responses, AIM's attorney, Douglas Boyer, testified
to his overall experience as well as his services in the case. He stated that he charged
$225 per hour for his work on the case and that he had expended 86 hours in
preparation for trial, totaling $19,350--more than Golden sought. 

 The trial court awarded Golden $25,772.50 in overtime pay, $18,777.50 in
attorney's fees incurred in the district court, and additional fees for appeal.


Failure to Supplement


 In its sole point of error, AIM asserts that the trial court erred in allowing
Costea's expert testimony regarding his attorney's fees. Specifically, AIM asserts
that, because Golden did not provide AIM with Costea's mental impressions and
opinions and because Golden did not amend his original response to AIM's request
for disclosure, the trial court erred in allowing Costea's testimony. AIM does not
challenge the award of overtime pay to Golden. 

Standard of Review 

 Whether to admit or exclude evidence is within the trial court's sound
discretion. Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000). A
trial court's exclusion of an expert who has not been properly designated can be
overturned only upon a finding of abuse of discretion. Mentis v. Barnard, 870
S.W.2d 14, 16 (Tex. 1994). To determine whether a trial court abused its discretion,
we must decide whether the trial court acted without reference to any guiding rules
or principles. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). The test is
whether the trial court's action was arbitrary or unreasonable in light of all the
circumstances of the case. Lewis v. W. Waste Indus., 950 S.W.2d 407, 410 (Tex.
App.--Houston [1st Dist.] 1997, no writ). 

 A person seeking to reverse a judgment based on evidentiary error needs to
prove that the error probably resulted in an improper judgment. McCraw v. Maris,
828 S.W.2d 756, 758 (Tex. 1992). Reversible error does not usually occur in
connection with evidentiary rulings unless the appellant can demonstrate that the
whole case turns on the particular evidence admitted or excluded. Benavides v.
Cushman, 189 S.W.3d 875, 879 (Tex. App.--Houston [1st Dist.] 2006, no pet.). 
 FLSA Attorney's Fees

 AIM objected to the trial court's admission of Costea's testimony on the
ground that Costea had not disclosed the general subject of his mental impressions
and opinions with a brief summary of the basis for them, as required by the Texas
Rules of Civil Procedure. Tex. R. Civ. P. 194.2(f)(3). Specifically, AIM contested
the fact that it was not furnished with Costea's mental impressions as they related to
the "Johnson factors," (2)
 which are to be used in determining the reasonableness of
attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 430-33, 103 S. Ct. 1933,
1937-39 (1983) (noting that the standards set forth in Johnson "are generally
applicable in all cases in which Congress has authorized an award of fees to a
'prevailing party'"). AIM further objected that Golden had not provided an amended
response that included a summary of the hours that Costea spent on the case in
response to AIM's request for disclosure. The trial court overruled the objections.

 The relevant portion of the FLSA states, "The court in such action, shall, in
addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable
attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. §
216(b) (West 1998). The language of the statute is mandatory; that is, a prevailing
plaintiff must be awarded reasonable attorney's fees and costs in actions brought
under the FLSA. See Purcell v. Seguin State Bank & Trust Co., 999 F.2d 950, 961
(5th Cir. 1993).

 In determining the reasonableness of attorney's fees, the fact finder must be
guided by a specific standard. This standard is substantially similar under both
federal law and state law. See id. (setting out the federal standard); Arthur Andersen
v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (setting out the state
standard and citing to Tex. Disciplinary R. Prof'l Conduct 1.04, reprinted in
Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R.
art. X, § 9)).

 However, because federal law provides a very specific framework for analyzing
the reasonableness of attorney's fees under statutes like the FLSA, the federal
framework must be followed in determining and reviewing the reasonableness of
attorney's fees under section 216. See Hensley, 461 U.S. at 430-33, 103 S. Ct. at
1937-39; Guity v. C.C.I. Enter. Co., 54 S.W.3d 526, 528 (Tex. App.--Houston [1st
Dist.] 2001, no pet.). In Hensley, the Court noted that the standards set forth in that
opinion "are generally applicable in all cases in which Congress has authorized an
award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433, 103 S. Ct. at 1939
n.7. Congress has mandated the award of attorney's fees to a prevailing party in
FLSA claims. See 29 U.S.C.A. § 216(b) (West 1998).

 To calculate reasonable attorney's fees, the fact finder should multiply the
number of hours worked by the attorney's hourly rate. Purcell, 999 F.2d at 961. 
Both the number of hours and the hourly rate must be reasonable. Id. The resulting
amount is commonly referred to as the "lodestar" figure. After calculating the
lodestar amount, "the district court can adjust the amount upward or downward to
account for the well-established Johnson factors." Id. (citing Johnson, 488 F.2d at
717-19). If some of the factors are accounted for in the lodestar amount, they should
not be considered when making adjustments. Shipes v. Trinity Indus., 987 F.2d 311,
320 (5th Cir. 1993).

 In this case, the trial court found that AIM violated the FLSA and awarded
Golden unpaid overtime wages. Pursuant to section 216(b) of the FLSA, the
judgment also included reasonable and necessary attorney's fees. AIM argues that
Texas Rule of Civil Procedure 193.6 required that Costea's testimony regarding
attorney's fees be excluded. It asserts that the trial court abused its discretion in
allowing Costea to testify and that his testimony was "harmful" because he had not
timely informed AIM of the number of hours that he had worked on the case and had
not replied to the request for disclosure with reference to the "Johnson factors." AIM
asserts that these failures related to the substance of the testimony because Costea
could have testified to a different number of hours for the case than the amount he
actually worked.

 Federal case law is illustrative and guides us when we examine expert
testimony in FLSA cases. It is well established that, although a trial court may
receive evidence relating to attorney's fees, it is not required to hear such evidence
if it deems it unnecessary. See Montalvo v. Tower Life Bldg., 426 F.2d 1135,
1149-50 (5th Cir. 1970) (citing Day & Zimmerman, Inc. v. Reid, 168 F.2d 356, 361
(8th Cir. 1948)). Because a trial court has firsthand knowledge of the proceedings
before it, that court is qualified to "place a value on [the attorney's] services without
opinion evidence of an expert witness on the subject." Id. at 1150. Here, the trial
court presided over the matter for over one year. The trial court held all the hearings,
ruled on all motions, tried the case, and was familiar with the documents and
evidence underlying the claims. 

 Furthermore, AIM's argument fails to show that the judgment turned on the
testimony admitted. See Benavides, 189 S.W.3d at 879. Attorney's fees are
automatically awarded to a prevailing plaintiff in a FLSA case for unpaid overtime
wages. See Guity, 54 S.W.3d at 528. Therefore, Costea's testimony regarding
attorney's fees was not "controlling on a material issue." See Mentis, 870 S.W.2d at
16. Although his disclosures may not have conformed with the Rules of Civil
Procedure, AIM's case was not unfairly prejudiced by Golden's failure to timely
amend the disclosures, and the trial court did not err in allowing Costea's testimony. 
This is evidenced by the fact that AIM's attorney, Boyer, testified about his own fees
for this case, stating that he expended 86 hours in preparation for trial, which is
comparable to Costea's 101 hours. Further, Boyer's fees, including the appeal, total
$45,850, while Costea's fee total is considerably lower at $31,727.50. Also, AIM's
cross-examination of Costea was not hindered by the fact that it was unaware of the
hours Costea worked until the previous day. Accordingly, we hold that the trial court
did not abuse its discretion in allowing Costea's expert testimony. We overrule AIM's sole point of error.


Conclusion


 We affirm the judgment of the trial court.


 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.
1. Section 216(b) of the Fair Labor Standards Act gives state courts jurisdiction to hear
cases involving suits for overtime pay. 29 U.S.C.A. § 216(b) (West 2005). 
2. The "Johnson factors" include: (1) the time and labor required; (2) the novelty and
difficulty of the questions; (3) the level of skill required; (4) the effect on other
employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or
contingent; (7) time limitations imposed by the client or the circumstances; (8) the
amount involved and the results obtained; (9) the experience, reputation, and ability
of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the
attorney's relationship with the client; and (12) awards in similar cases. Johnson v.
Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).