Opinion issued August 9, 2007

 












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00009-CV






DONNA H. VERNON, Appellant


V.


CAC DISTRIBUTORS, INC. f/k/a TIME ENERGY SYSTEMS
SOUTHWEST, INC., Appellee






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2003-18698






MEMORANDUM OPINION

 Appellant, Donna H. Vernon, appeals from a judgment rendered in her favor
against CAC Distributors, Inc. f/k/a Time Energy Systems Southwest, appellees, for
claims under the Fair Labor Standards Act ("FLSA"). See 29 U.S.C.S. §§ 201, 216
(LexisNexis 2007). This appeal concerns only the trial court's rulings on attorney's
fees and prejudgment interest; neither party challenges the amount awarded as
compensation for unpaid overtime wages. In three issues, Vernon asserts that the trial
court erred (1) by denying full recovery of reasonable and necessary attorney's fees;
(2) by admitting into evidence the parties' settlement negotiations or, alternatively,
by disallowing Vernon's settlement proposals as evidence while admitting into
evidence CAC's settlement proposals; and (3) by denying prejudgment interest. We
conclude that the trial court did not abuse its discretion by awarding attorney's fees
in an amount less than that requested by Vernon's attorney; by admitting evidence in
the bench trial about settlement negotiations for the limited purpose of determining
the reasonableness of the number of hours worked by Vernon's attorney; or by
denying prejudgment interest. We also conclude that Vernon has not shown how she
was harmed by the exclusion of the documentary settlement evidence that she offered
because Vernon's attorney testified to the same matters that were in the excluded
documents. We affirm. Background From May to September 2001, Vernon worked for CAC as a non-exempt
clerical employee earning $11.50 per hour. Vernon claimed that when she worked
more than 40 hours per week, she was not fully compensated for some of the
additional hours. Vernon filed suit against CAC pursuant to section 216 of the FLSA
claiming she was owed $1,897.50 in overtime wages. See 29 U.S.C.S. § 216.

 In addition to her claim for overtime wages, Vernon sought attorney's fees.
Vernon's counsel testified that he spent a total of 90 hours working on the case, that
a reasonable rate for this type of work in the Houston community is $185 per hour,
and that the "lodestar" amount determined from multiplying these two numbers was
$16,650. Although it did not dispute that $185 per hour was a reasonable rate, CAC
disputed the reasonableness of the number of hours worked by Vernon's attorney,
asserting that Vernon's attorney behaved unreasonably in rejecting pretrial settlement
offers by CAC that offered reasonable compensation to Vernon. 

 The documents admitted into evidence identified as Defendant's Exhibits
97-101 and Plaintiff's Exhibit 8 show that CAC made repeated settlement offers to
Vernon. 


 In February 2004, within 10 months of the filing of the case, CAC
offered Vernon a $3,000 settlement. Vernon's response was a
demand of $10,510. Vernon's demand included a calculation that
the attorney had to that date worked 30 hours on the case at an
hourly rate of $185 per hour, equaling $5,550 in attorney's fees.

 CAC countered three days later with a settlement offer of $5,000. 
Vernon responded with a demand of $8,000.


 


 CAC countered about a week later with a final settlement offer of
$5,500, with a deadline to accept set the next day, but it was not
accepted. 

 About seven months later, on October 11, 2004, CAC again
offered a settlement of $5,500 to Vernon, but it was not accepted.



 Vernon's attorney testified that, prior to August 5, 2003, he "guessed" 30 hours
were spent conferring with his client, filing the petition, filing a set of interrogatories,
filing requests for production and for disclosure, and responding to defendant's
request for disclosure. Between that date and February 20, 2004, Vernon's attorney
testified that he worked an additional four to five hours to turn over two documents
in response to CAC's initial discovery request. The trial court admitted into evidence
Vernon's exhibit that described work he performed from March 10, 2004 through
trial. After a bench trial, the trial court rendered judgment in favor of Vernon for the
full amount of overtime wages she was due, $1,897.50, plus an additional $1,897.50
in liquidated damages. The trial court's judgment awarded $5,550 for attorney's fees,
one-third of the $16,650 that was requested at trial by Vernon's attorney.

 Although Vernon requested an award for prejudgment interest, the trial court's
final judgment did not include an award for prejudgment interest. The failure to
include prejudgment interest in the final judgment was the result of the trial court's
order granting CAC's motion to modify the trial court's prior judgment that had
included an award of $682 for prejudgment interest. See Tex. R. Civ. P. 329b(g). (1)


Amount of Award of Attorney Fees

 In her first issue, Vernon asserts that the trial court erred by awarding an
amount less than was testified to by her attorney because (A) "Courts have generally
allowed full recovery of attorney's fees in FLSA cases," (B) no expert testimony was
presented in opposition to Vernon's attorney's testimony, and (C) the evidence is
factually insufficient to support the trial court's finding of fact that 30 hours was
reasonable and necessary.

 The FLSA mandates that reasonable and necessary attorney's fees and court
costs be awarded a prevailing plaintiff in an FLSA action. See 29 U.S.C.S. § 216(b)
("The court in such action, shall, in addition to any judgment awarded to the plaintiff
or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs
of the action."); Guity v. C.C.I. Enter. Co., 54 S.W.3d 526, 528 (Tex. App.--Houston
[1st Dist.] 2001, no pet.) (citing Purcell v. Seguin State Bank & Trust Co., 999 F.2d
950, 961 (5th Cir. 1993)). To calculate reasonable attorney's fees in a case under the
Labor Code, the fact finder should multiply the number of hours worked by the
attorney's hourly rate. Guity, 54 S.W.3d at 528 (citing Purcell, 999 F.2d at 961). 
Both the number of hours and the hourly rate must be reasonable. Id. The resulting
figure is called the "lodestar" amount; this can be adjusted upwards or downwards to
account for the factors identified by the Fifth Circuit in Johnson v. Georgia Highway
Express. (2) Id. at 529 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714,
717-19 (5th Cir. 1974)). The lodestar amount is calculated before application of the
Johnson factors. Id. at 528-529. 

 A. General Recovery of Attorney's Fees

 Vernon asserts that the trial court was required to award the amount testified
to by Vernon's attorney because "[c]ourts have generally allowed full recovery of
attorney's fees in FLSA cases." (3) While Vernon cites several cases where the entirety
of attorney's fees requested was awarded, CAC points to Cox v. Brookshire Grocery
Co., where the Fifth Circuit affirmed a district court award of attorney's fees based
upon a determination that only 80 of the 300 claimed hours of work were reasonable.
919 F.2d 354, 358 (5th Cir. 1990). As we note above, the standard that must be
applied is the lodestar amount that is based on the reasonable number of hours
worked multiplied by the reasonable hourly rate, with an adjustment upwards or
downwards to account for the Johnson factors. See Purcell, 999 F.2d at 961.

 B. Expert Testimony 

 Vernon also contends that the trial court was required to award the full amount
of attorney's fees requested because CAC did not present contrary expert testimony. 
Although Vernon's attorney was the only witness who testified on the matter of
attorney's fees and his testimony was not contradicted by an opposing expert, the trial
court could have disregarded that testimony because the attorney was an interested
witness on the matter of the amount of attorney's fees to be awarded by the trial court. 
See Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990) (citing
Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908
(1942) ("It is the general rule that the testimony of an interested witness, such as a
party to the suit, though not contradicted, does no more than raise a fact issue to be
determined by the [fact-finder].")). Moreover, CAC presented evidence contrary to
Vernon's attorney's testimony that 90 hours of work were necessary to present the
case by admitting documents that showed reasonable settlement offers that would
have resulted in the need for fewer hours of work by the attorney, and thus, the
evidence by Vernon's attorney was not uncontradicted or unimpeached. We note
further that Vernon's attorney's testimony contained inconsistencies concerning the
time he spent on the case and was not supported by written documentation for some
of his claimed hours. (4) See id. (5) We are not persuaded by Vernon's contention that the
trial court was required to award the full amount of attorney's fees requested by her
attorney because CAC did not present contrary expert testimony. See id.

 C. Factual Sufficiency of Evidence to Support Trial Court's Findings

 Vernon contends that the trial court erred because it "did not make any findings
of fact or conclusions of law as to why Plaintiff's requested attorney's fees were not
reasonable and necessary." Vernon further contends that the district court's
conclusion in its Findings of Fact and Conclusions of Law that "30 hours of work by
Plaintiff's counsel were reasonable and necessary through trial and that $185.00/hour
is a reasonable and necessary hourly rate for Plaintiff's counsel" was error because
it was "not supported by the evidence and it was so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust." See generally Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986) (cited by Vernon for standard of review for
factual insufficiency claims).

 1. No Findings of Fact and Conclusions of Law

 Vernon provides no argument and cites to no authority indicating how the court
erred in not including Findings of Fact or Conclusions of Law to explain "why" it
determined that 30 hours of work by Plaintiff's counsel were reasonable and
necessary through trial. The rules of appellate procedure require an appellant's brief
to contain a "clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record." See Tex. R. App. P. 38.1(h); Bradt v. West,
892 S.W.2d 56, 69 (Tex. App.--Houston [1st Dist.] 1994, writ denied) (holding that
fact that brief contains authorities on conspiracy is not alone sufficient to comprise
"argument" necessary to keep from waiving cause of action on appeal as both
authorities and argument are required); Green v. Kaposta, 152 S.W.3d 839, 841 (Tex.
App.--Dallas 2005, no pet.) (stating that "appellant's failure to present sufficient
argument or authority to support an issue waives that issue on appeal."). This sub-issue is therefore waived. See Bradt, 892 S.W.2d at 69.

 2. Finding not Supported by the Evidence

 Vernon challenges the factual sufficiency of the evidence supporting the trial
court's finding that "30 hours of work by Plaintiff's counsel were reasonable and
necessary through trial and that $185.00/hour is a reasonable and necessary hourly
rate for plaintiff's counsel." (6) When the appellate record contains a complete
reporter's record, we review the trial court's findings of fact under the same standards
for factual sufficiency that govern review of jury findings. (7) See Min v. Avila, 991
S.W.2d 495, 500 (Tex. App.--Houston [1st Dist.] 1999, no pet.). As fact finder, the
trial court is the sole judge of the credibility of witnesses in a bench trial. See Murff
v. Murff, 615 S.W.2d 696, 700 (Tex. 1981); Sw. Bell Media, Inc. v. Lyles, 825 S.W.2d
488, 493 (Tex. App.--Houston [1st Dist.] 1992, writ denied). An appellate court may
not substitute its judgment for the trial court's assessment of witnesses' credibility in
a bench trial. See In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984). In determining
factual sufficiency, this court weighs all the evidence, both supporting and
conflicting, and may set the finding aside only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and manifestly unjust. Cain, 709
S.W.2d at 176; Comm'n of Contracts v. Arriba Ltd., 882 S.W.2d 576, 582 (Tex.
App.--Houston [1st Dist.] 1994, no writ).

 Vernon's attorney's testimony was not uncontested, and the evidence could
lead reasonable minds to form different conclusions regarding reasonableness. Cross-examination by CAC and evidence in the record indicates that Vernon rejected CAC's
first three settlement offers made within a two-week period for $3,000, $5,000, and
$5,500. Thirty hours at $185.00 per hour, a total fee of $5,550, corresponds with
Vernon's attorney's estimate of time worked on the case before CAC's first offer of
settlement, admitted for the purpose of drawing "a line, or a mark in the time line, at
which point [CAC] believed any attorney's fees beyond that were unreasonable." By
awarding attorney's fees in an amount incurred only prior to the settlement offers, the
court implicitly found to be unreasonable any time worked on the case beyond the
offers. Moreover, as previously noted, the trial court was within its discretion to find
not credible Vernon's attorney's testimony concerning the number of hours he
claimed to have worked. Vernon's attorney's testimony included what he called a
guess, failed to include written documentation of some of the claimed hours, and
contained inconsistencies. See In re W.E.R., 669 S.W.2d at 717. We cannot overturn
the finding when sufficient evidence to cause reasonable minds to disagree exists, as
it does here. The finding is not contrary to the great weight and preponderance of the
evidence, and thus is factually sufficient. See Cain, 709 S.W.2d at 176.

 We hold that the trial court's finding of fact is supported by factually sufficient
evidence. (8) We overrule Vernon's first issue.

Admission of Settlement Proposal Evidence

 In her second issue, Vernon contends that the trial court erred by allowing
settlement proposals into evidence over her objections that the documents were not
admissible due to lack of relevancy and to their prohibition by Rule 408 of the Rules
of Evidence. 

 A. Relevancy

 Relevant evidence is defined by Rule 401 of the Texas Rules of Evidence as
"evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than
it would be without the evidence." Tex. R. Evid. 401. CAC's evidence relating to
settlement proposals was offered as evidence that the 90 hours spent on the case by
Vernon's counsel was not reasonable. Specifically, CAC asserted that its settlement
offers were more than generous, as they were above the "cap" of liquidated damages
imposed by the FLSA. (9) 29 U.S.C.S. § 216(a). Vernon's counsel testified that he
rejected the offers because they did not cover "all of her damages," apparently
referring to his attorney's fees. Vernon's unpaid wages were $1,897.50. Within 10
months of the filing of the case, CAC offered first a $3,000 settlement, then, three
days later, a $5,000 offer, and finally, eight days later, a $5,500 settlement. 
According to Vernon's attorney, at the point the first of those settlement offers was
made, he had worked 30 hours at an hourly rate of $185 per hour for a total of $5,550
in attorney's fees. The trial court stated, "The only reason I allowed the settlement
discussions in was, in my mind, [CAC's attorney] was trying to draw a line, or mark
in the time line, at which point he believed any attorney's fees beyond that were
reasonable." In this bench trial in which a party challenged the reasonableness of the
number of hours worked on the case by an attorney, we cannot conclude that the trial
court abused its discretion by finding relevant the settlement offers on the matter of
whether the attorney's claim of the number of hours he worked to present the case
through trial was reasonable. See Tex. R. Evid. 401. (10)

 B. Rule 408

 Rule 408 states that an offer to settle or compromise a claim is not admissible
to show liability, the validity of the claim, or the amount of the claim. Haney v.
Purcell Co., 796 S.W.2d 782, 788 (Tex. App.--Houston [1st Dist.] 1990, writ
denied). It does not require exclusion when the evidence is offered for another
purpose. See Tex. R. Evid. 408. The evidence was offered for the "exclusive
purpose," according to CAC, of aiding the court in determining the reasonableness
of Vernon's attorney fees. We cannot conclude that the trial court abused its
discretion by determining that Rule 408 does not prohibit the admission of the
settlement negotiations on the limited matter of the reasonableness of the number of
hours worked by the attorney. See id.

 C. Conclusion

 We hold that the trial court did not abuse its discretion by concluding that
CAC's evidence of settlement negotiations was relevant to determining the amount
of attorney fees that were reasonable and necessary. We further hold that the trial
court did not abuse its discretion by determining that CAC's settlement evidence,
because of the limited purpose for which it was offered, did not violate Rule 408. See
Tex. R. Evid. 408. We overrule the portion of the second issue concerning the
admission of CAC's evidence.

Exclusion of Vernon's Settlement Evidence

 Within her second issue, Vernon alternatively contends that the trial court erred
by refusing to admit her documentary evidence concerning negotiations. A trial
court's decision whether to admit evidence is reviewed for abuse of discretion. City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995) (exclusion of evidence
committed to discretion of trial court). "Generally, exclusion of evidence is not
reversible error unless the complaining party demonstrates that the whole case turns
on the particular evidence excluded." Melendez v. Exxon Corp., 998 S.W.2d 266, 274
(Tex. App.--Houston [14th Dist.] 1999, no pet.) (citing Bean v. Baxter Healthcare
Corp., 965 S.W.2d 656, 659 (Tex. App.--Houston [14th Dist.] 1998, no pet.);
Shenandoah Assoc. v. J & K Properties, Inc., 741 S.W.2d 470, 490 (Tex.
App.--Dallas 1987, writ denied)). 

 Vernon has not explained in her brief to this court how the trial court's failure
to admit the documents that contained her settlement offers probably caused the
rendition of an improper judgment. See Melendez, 998 S.W.2d at 274 (citing
McCraw v. Maris, 828 S.W.2d 756, 757-58 (Tex. 1992)). The record shows that the
trial court sustained CAC's objections on the grounds of relevancy to Vernon's
Exhibits 9, 10, 11, and 12, and excluded those exhibits from evidence, but included
the exhibits as part of the appellate record. The record also shows that Vernon's
attorney testified without objection to the same facts that were included within the
excluded exhibits. (11) We hold that the trial court's exclusion of the complained of
exhibits is not reversible error because Vernon's attorney testified without objection
to the same facts, and because the case does not turn on the particular evidence that
was excluded from the trial. See Melendez, 998 S.W.2d at 274.

 We overrule Vernon's second issue.

Prejudgment Interest in FLSA Claims

 In her third issue, Vernon asserts that the trial court erred by denying
prejudgment interest. We review a trial court's decision to award or deny
prejudgment interest for abuse of discretion. See Purcell Constr. Inc. v. Welch, 17
S.W.3d 398, 402 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (citing Marsh v.
Marsh, 949 S.W.2d 734, 744 (Tex. App.--Houston [14th Dist.]1997, no writ)). 

 The FLSA permits the recovery of liquidated damages in an amount equal to
the owed overtime pay. See 29 U.S.C.S. § 216(a). Prejudgment interest is already
included in an award for liquidated damages. See Reeves v. Int'l. Tel. & Tel. Corp.,
705 F.2d 750, 751 (5th Cir. 1983) (citing Brooklyn Savings Bank v. O'Neil, 324 U.S.
697, 715-16, 65 S. Ct. 895, 906 (1945) (stating that in suit under section 216 of the
FLSA, interest is not recoverable as part of judgment because liquidated damages
compensate for delay in payment of sums due)). Here, the trial court's award includes
liquidated damages in an amount equal to the owed overtime pay, thereby effectively
including compensation for prejudgment interest. See id.

 Vernon contends that, except for the Fifth Circuit, "all other federal courts of
appeals that have entertained this issue have ruled that prejudgment interest is
available in an FLSA action." (12) Vernon correctly cites several cases wherein
prejudgment interest was awarded in an FLSA action. See Donovan v. Sovereign Sec.,
Ltd., 726 F.2d 55, 58 (2d Cir. 1984) ("it is ordinarily an abuse of discretion not to
include prejudgment interest in a back-pay award under the FLSA."); Brock v.
Richardson, 812 F.2d 121, 127 (3d Cir. 1987) ("a back pay award under the Fair Labor
Standards Act should be presumed to carry both post-judgment and pre-judgment
interest unless the equities in a particular case require otherwise."); Secretary of Labor
v. Daylight Dairy Prods., Inc., 779 F.2d 784, 789-790 (1st Cir. 1985) ("The
employees have been wrongfully deprived of the use of the money; the interest
payment fully compensates them for the wrong . . . . The district court in this case did
not err in awarding pre-judgment and post-judgment interest to the employees.");
Herman v. Hogar Praderas de Amor, Inc., 130 F. Supp. 2d 257, 268 (D. Puerto Rico
2001) (awarding prejudgment interest). However, except for Herman, none of these
cases have awards for both prejudgment interest and liquidated damages, and in
Herman, the court granted prejudgment interest only on issues for which liquidated
damages were not awarded. Herman, 130 F. Supp. 2d at 268. The authority relied on
by Vernon does not support the conclusion that the trial court abused its discretion by
refusing to award prejudgment interest. We hold that the trial court did not abuse its
discretion by denying an award for prejudgment interest under these circumstances
that show that the trial court awarded liquidated damages at an amount equal to the
unpaid wages, in addition to the award for the unpaid wages. See Reeves, 705 F.2d
at 751. We overrule Vernon's third issue.

Conclusion

 We affirm.



 Elsa Alcala

 Justice


 


Panel consists of Justices Alcala, Hanks, and Price. (13)

1. The remainder of the awards by the trial court concerning attorney's fees for an appeal
to the Court of Appeals, a petition and appeal to the Texas Supreme Court, post-judgment interest, and costs of court have not been challenged on this appeal. 
2. The Johnson factors include: (1) time and labor required; (2) the novelty and
difficulty of the questions; (3) the level of skill required; (4) the effect on other
employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or
contingent; (7) time limitations imposed by the client or the circumstances; (8) the
amount involved and the results obtained; (9) the experience, reputation, and ability
of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the
attorney's relationship with the client; and (12) awards in similar cases. Johnson v.
Ga Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). If some of the
factors are accounted for in the lodestar amount, they should not be considered when
making adjustments. Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir. 1993).
3. Vernon cites several examples where a court has awarded all requested attorney's
fees. See Burnley v. Short, 730 F.2d 136 (4th Cir. 1984); Bonnette v. California
Health and Welfare Agency, 704 F.2d 1465 (9th Cir. 1983); Hodgson v. Miller
Brewing Co., 457 F.2d 221 (7th Cir. 1972); Soler v. G & U, Inc., 801 F. Supp. 1056
(S.D.N.Y. 1992).
4. For example, Vernon's attorney testified as follows:


 (1) He testified that he had worked 90 hours to prepare the case through trial. When
asked to produce time sheets, he provided Exhibit 200, which totals approximately
86.5 hours of work since March 10, 2004. When asked if the hours on the sheet
would add up to approximately 90, he said "it may be more, it may be less. . . . I have
taken out the amount of time that I spent on the reinstatement and the amount of time
that I spent on the collective action."


 (2) He said he did not have records with him regarding time spent on the case prior
to March 10, 2004, but, "guessed" he spent 30 hours prior to August 5, 2003,
conferring with his client, filing the petition, filing a set of interrogatories, filing
requests for production and for disclosure, and responding to a request for disclosure. 
He added 4-5 hours between that date and March 10, 2004 for responding to
discovery requests. Vernon's attorney had no time sheets with him to support his oral
testimony regarding his guess of 30 hours.
5. Having determined that the trial court could have rejected Vernon's attorney's
testimony under an assessment of credibility, we do not reach the alternative assertion
whether the trial court could have properly taken judicial notice of the reasonable and
customary attorney's fees in determining the lodestar amount.
6. The trial court labeled this statement a conclusion of law. However, reasonableness
of attorney's fees is properly an issue for the fact-finder, and thus a finding of fact. 
See Guity v. C.C.I. Enter. Co., 54 S.W.3d 526, 528 (Tex. App.--Houston [1st Dist.]
2001, no pet.).
7. Though the reporter's record here does not include the entire trial, it is complete
regarding the topic of attorney's fees, the sole issue we are called upon to review in
the trial court's findings of fact and conclusions of law.
8. On appeal, appellant has not challenged the trial court's award by asserting that it
abused its discretion in determining the award of attorney's fees. We note that the
federal courts generally review the amount of an award for attorney's fees under
section 216(b) of the FLSA for an abuse of discretion. Hedrick v. Hercules, Inc., 658
F.2d 1088, 1097 (5th Cir. 1981) (citing Copper Liquor, Inc. v. Adolph Coors Co., 624
F.2d 575, 581 (5th Cir. 1980) (stating that attorney's fees under section 216(b) of the
FLSA "must be upheld unless a clear abuse of discretion is found"); Johnson
, 488
F.2d at 717 ("reasonableness of the award is to be judged by the abuse of discretion
standard of review")). We note further that Vernon's counsel acknowledged at trial
that the trial court must first determine the lodestar amount by taking "evidence of the
number of hours and the hourly rate, which both must be reasonable." Vernon's trial
counsel expressly represented to the trial court that he was not requesting that the
court change the lodestar amount. However, Vernon's attorney testified about the
Johnson factors "in the event the court may be inclined to do so one way or the other." 
Additionally, the record contains no findings of fact or conclusions of law concerning
the Johnson factors.
9. "Any employer who violates the provisions of section 206 or section 207 of this title
shall be liable to the employee or employees affected in the amount of their unpaid
minimum wages, or their unpaid overtime compensation, as the case may be, and in
an additional equal amount as liquidated damages." 29 U.S.C.S. § 216(a). 
10. Vernon also asserts that the settlement offers were not admissible under the FLSA
because no Johnson factor calls for the use of settlement negotiations in adjusting the
lodestar amount up or down. However, the court did not use the Johnson factors to
change the lodestar amount. See Johnson, 488 F.2d at 717-19. 
11. Exhibit 9 states, "We might be able to settle this case." Vernon's attorney testified
that on March 3 he left a message for CAC's attorney "on the voice mail concerning
settlement." Exhibit 10 is a letter dated March 4, 2004 from CAC's attorney to
Vernon's attorney stating, "All settlement offers previously conveyed by Defendant
to Plaintiff in the captioned matter are hereby withdrawn and revoked." However,
Vernon's attorney testified to this same fact by stating, "The following day, on March
the 4th, you sent me correspondence, [CAC's attorney], indicating that all settlement
offers by the defendant made up to that point in time had been withdrawn and
revoked." Exhibit 11 is a letter from Vernon's attorney to CAC's attorney dated July
21, 2004 that states, "If the $5,500 settlement offer is not reinstated I see no
opportunity for continuing the settlement dialogue." Vernon's attorney then said in
the letter that he was willing to negotiate to an amount below $8,000. Vernon's
attorney testified that "my colleague and I discussed settlement, and I attempted to
settle the case." Vernon's attorney testified that "on July the 21st of 2004, I sent
correspondence to Mr. Kimball as a follow-up to your phone conversation I had with
him on that date. And I reminded him that in terms of settlement discussions as of
March the 3rd, plaintiff was requesting $8,000, defendant $5,500[.]" Exhibit 12 is a
letter from Vernon's attorney to CAC's attorney dated August 10, 2004 that states,
"Plaintiff proposes a settlement by splitting the difference between her demand of
$8,000.00 and the Defendant's offer of $5,500.00. If this settlement offer is not
accepted and/or no response is made by Tuesday, August 17, 2004 this settlement will
be withdrawn[.]" Vernon's attorney testified to the contents of Exhibit 12 by stating,
"[O]n August the 10th of 2004, I sent a fax to the defendant offering to settle this case
by splitting the difference between her demand of $8,000 and defendant's offer of
$5,500." Vernon's attorney further testified, "I have asked the defendant to respond
to the plaintiff's demand of $8,000 by August the 17th, 2004, and defendants have not
responded[.]"
12. In Knowlton v. Greenwood Independent School District, the court said, "[T]his circuit
has created a distinction between claims under 29 U.S.C. §216 (action to recover
unpaid minimum wages, unpaid overtime compensation and liquidated damages), and
§217 (injunction). Prejudgment interest is not available for the former; it may be
awarded for the latter." 957 F.2d 1172, 1183 (5th Cir. 1992).
13. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, sitting by assignment.