ACCEPTED
09-17-00265-CV
NINTH COURT OF APPEALS
BEAUMONT, TEXAS
1/9/2018 12:12 PM
CAROL ANNE HARLEY
CLERK

## NO. 09-17-00265-CV

FILED IN
9th COURT OF APPEALS
BEAUMONT, TEXAS
1/9/2018 12:12:17 PM
CAROL ANNE HARLEY
Clerk

# IN THE NINTH COURT OF APPEALS
# AT BEAUMONT, TEXAS

## MINDA LAO TOLEDO,

### Appellant

### v.

## KBMT OPERATING COMPANY, LLC, KBMT LICENSE COMPANY, LLC, BRIAN BURNS, JACKIE SIMIEN and TRACY KENNICK,

### Appellee

Appeal from the 128th District Court of Orange, Texas
The Honorable Courtney Arkeen, Judge Presiding

## APPELLANT'S REPLY BRIEF AND CROSS-APPELLEE'S BRIEF

Joe House
Texas Bar No. 10042150
Email: joe@houseperron.com
Norfolk Tower
2211 Norfolk Street, Suite 1150
Houston, Texas 77098
Phone: 281-762-1377
Fax: 866-342-7683

**TABLE OF CONTENTS**

I.      **RESPONSE TO CROSS-APPELLANTS' BRIEF** ..................................1

II.    **REPLY TO APPELLEE'S RESPONSE BRIEF** ...................................2

III.  **CONCLUSION** ........................................................................10

IV.  **CERTIFICATE OF COMPLIANCE**………………………………...12

V.    **CERTIFICATE OF SERVICE**…………………………………………12

# INDEX OF AUTHORITIES

**AUTHORITY** **PAGE**

## CASES

*Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc*., 21 S.W.3d 732, 742 (Tex. App.—Houston [14th Dist.] 2000, no pet.)..................................................5

*Aecon Buildings, Inc. v. Zurich N. Am.*, No. C07-832MJP, 2008 WL 2434205, at *1-*2 (W.D.Wash. June 13, 2008) ........................................................................3

*El Apple I, Ltd. v. Olivas*, 55 Tex. Sup. Ct. J. 954, 960 (Tex. June 22, 2012) ..........7

*First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221-222 (Tex.2017)..........................................................................................................4

*Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex. 1999) ......1

*Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010) .............................................11

*Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985) (orig. proceeding)........................................................................................................3

*Guity v. C.C.I. Ent., Co.*, 54 S.W.3d 526, 529 (Tex. App.–Houston [1st Dist.] 2001, no pet.)...........................................................................................................7

*Hornbeck Offshore Servs., L.L.C. v. Salazar*, Civil Action No. 10-1663, 2011 WL 2214765, at *20 (E.D.La. June 1, 2011) (rec. dec., aff'd June 23, 2011) ..............3

*In re Estate of Johnston*, No. 04-11-00467-CV, 2012 Tex. App. LEXIS 4255, 2012

WL 1940656, at *3 (Tex. App.—San Antonio May 30, 2012)............................8

*John Moore Servs., Inc. v. Better Bus. Bureau of Metro. Houston Inc.,* No. 01-14-

00906-CV, 2016 Tex. App. LEXIS 5814, 2016 WL 3162206, at *1, 7 (Tex.

App.—Houston [1st Dist.] June 2, 2016, no pet.) .................................................9

*Johnson v. Georgia Highway Express, Inc.*,488 F.2d 714, 717–19 (5th Cir. 1974) .6

*Lewis v. Wittig*, 877 S.W.2d 52, 57 (Tex. App.—Houston [14th Dist.] 1994, orig.

proceeding)............................................................................................................3

*Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard*

*Sanitary Corp.*, 487 F. 2d 161 (1973), appeal after remand, 540 F. 2d 102 (1976)

..............................................................................................................................7

*Nath v. Tex. Children's  Hosp.*, 446 S.W.3d 355, 365 (Tex. 2014)..........................4

*Nationwide Payment Solutions,* 831 F.Supp.2d 337, 339 (2011).............................2

*Occidental Chem. Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex. 1995) (per curiam)

(orig. proceeding).................................................................................................3

*Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 553–54 (2010) ...............................6

*Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ..................................................4

*Petco Animal Supplies v. Schuster*, 144 S.W.3d 554 (Tex. App.—Austin 2004, no

pet)........................................................................................................................5

*Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C.*, Civil No. 4:09-mc-365, 2010 WL 56045, at *5-*7 (S.D.Tex. Jan. 6, 2010)........................................3

*Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex. 1990) ...........6

*Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993)................................3

*Sentinel Integrity Solutions, Inc. v. Mistras Grp., Inc.,* 414 S.W.3d 911 (Tex. App.—Houston [1st Dist.] 2013, pet denied) ........................................9

*Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ........................................2

*Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009).......................6

*Sullivan v. Abraham,* 488 S.W.3d 294, 299 (Tex. 2016)....................................1, 11

*Woodhaven Partners, Ltd. V. Shamoun & Norman, LLP*, 422 S.W.3d 821 (Tex.App.—Dallas 2014, no pet.)........................................9

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) ......................................1, 10

## RESPONSE TO CROSS-APPELLANTS' BRIEF

Cross-Appellants appeal the trial court's judgment, arguing that the trial court should have awarded fees for the appeal. First, the legislature did not add any language in the TCPA statute awarding fees for an appeal defending a fee petition.

> Sec. 27.009. Damages and Costs.
>
> (a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
>
> (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
>
> The plain language of the statute is the surest guide to the legislature's intent.

*Sullivan v. Abraham,* 488 S.W.3d 294, 299 (Tex. 2016). A court cannot speculate what the legislature intended. When a court strays from the plain language of a statute, it risks encroaching on the Legislature's function to decide what the law should be. *Fitzgerald v. Advanced Spine Fixation Sys.,* 996 S.W.2d 864, 866 (Tex. 1999). The Legislature certainly must have been aware of what it was doing in enacting the statute. Thus, the American Rule applies where there is no contractual provision or statutory provision to the contrary. If the legislature intended to provide those fees, it would have. Nowhere in that statute is a provision to award fees in defending a fee award.

## REPLY TO APPELLEE'S RESPONSE BRIEF

## <u>No waiver of offensive use doctrine</u>

Appellees argue that Dr. Toledo "waived" any argument regarding the offensive use privilege as it applies to the numerous redactions in its billing records. Only new issues are waived, not the refinement of an argument on an issue presented to the lower court. In this case, Dr. Toledo did in fact press the argument to the trial court that the redactions were not privileged in her briefing. [CR, Vol 2, p. 242]. It is not a new issue raised on appeal. Refining an argument is not presenting a new issue. Dr. Toledo does not change positions. Appellees evidently confuse the refinement of an argument with an issue that was raised below. There was no relinquishment of an argument or claim.

The specific argument of "offensive use" is an argument based on a question of law, and this Court is justified in reaching the issue "where proper resolution is beyond any doubt." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). The "offensive use" argument does not require further fact-finding or factual development. In the briefing to the trial court, Plaintiff cited several cases regarding privilege in this context. [CR Vol 2, pg. 243]. The *Nationwide Payment Solutions* case discusses extensively the offensive use doctrine, albeit not with that label, but conceptually and precisely as to billing records. 831 F.Supp.2d 337 (2011). A direct quote was published in that brief, stating:

Put differently, a claimant who seeks attorney fees and submits attorney fee invoices in support of that request can be said to have impliedly waived any applicable privilege or protection, at least as to its opponent and as to the invoices themselves. *See, e.g., Hornbeck Offshore Servs., L.L.C. v. Salazar*, Civil Action No. 10-1663, 2011 WL 2214765, at *20 (E.D.La. June 1, 2011) (rec. dec., aff'd June 23, 2011); *Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C.*, Civil No. 4:09-mc-365, 2010 WL 56045, at *5-*7 (S.D. Tex. Jan. 6, 2010); *Aecon Buildings, Inc. v. Zurich N. Am.*, No. C07-832MJP, 2008 WL 2434205, at *1-*2 (W.D. Wash. June 13, 2008).

*Id. at 339.*

This is the offensive use waiver in Texas. "A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action." *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985) (orig. proceeding); *see also Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) (stating, in context of whether attorney-client privilege has been waived, that "[i]n an instance in which the privilege is being used as a sword rather than a shield, the privilege may be waived"). The work product privilege can be waived by a party's offensive use of the privilege. *Lewis v. Wittig*, 877 S.W.2d 52, 57 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding); *see also Occidental Chem. Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex. 1995) (per curiam) (orig. proceeding) ("[T]he work product privilege may be waived under the offensive use doctrine.").

As to waiver/forfeiture, the Texas Supreme Court has held:

3

We generally hesitate to turn away claims based on waiver or failure to preserve the issue. *See Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 365 (Tex. 2014). In considering assertions that claims have been waived, we have urged courts of appeals, and reminded ourselves, to construe briefing "reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). That standard is simply an explication of Texas Rule of Appellate Procedure 38.1(f), which requires courts to treat the statement of an issue "as covering every subsidiary question that is fairly included."

*First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221-222 (Tex. 2017).

Here, the "offensive use" theory was inextricably linked to the redactions argument in this case and it is essential to the analysis to the issue directly on appeal. An appellate court retains the independent power to identify and apply the proper construction of governing law from the Texas Supreme Court.

Surely an appellate court has the power to raise other grounds to make a decision on *an issue* presented when it is purely a matter of applying the law to the facts. Importantly, the Court cannot ignore Texas precedent on the assertion of privilege to billing records in the effort to get fees paid. The trial court was briefed on Dr. Toledo's opposition as to those redactions, the issue was raised, the argument made. Simply put, Appellees improperly invoke the waiver argument, and in doing so, diminish and/or mischaracterize the arguments that were indeed made below.

4

## Andersen Factors

Appellees hammer out, again, the *Andersen* factors to support the fees. The eight *Andersen* factors are not elements of proof; instead, they are general guidelines to be considered when determining the reasonableness of a fee. *See, e.g.*, *[Petco Animal Supplies v. Schuster, 144 S.W.3d 554 (Tex. App.–Austin 2004, no pet)](#)*; *[Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc., 21 S.W.3d 732, 742 (Tex. App.—Houston [14th Dist.] 2000, no pet.)](#)*. The factors are a laundry list of criteria from the Code of Professional Responsibility, but there are additional evaluative criteria. For example, in determining "the time and labor required," [factor (1)], the court should evaluate the *reasonableness* of the number of hours charged. This requires an objective rating of the amount of work different legal tasks should require. Fine tuning is necessary because of the shortcomings in the *Andersen* factors checklist.

## No Need for Contradictory Testimony from Dr. Toledo

Appellees argue that Dr. Toledo had to come up with evidence at the hearing to contest the fees. Generally, the determination of reasonable attorney's fees is a question of fact and "'the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined

by the jury.'" *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (quoting *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)).

The focus in this fee dispute is application of the law to the facts as presented by the Appellees, which includes the billing records. Dr. Toledo presented its legal argument controverting the fee request. That is all she is required to do, controvert. It is Appellees' burden to shore up their fee request with a showing of reasonableness under lodestar and all the nuances of billing judgment. This includes, fees that have been adequately documented, fees that are not excessive, redundant, or otherwise unnecessary. Dr. Toledo showed, with a legal analysis, that the billing records were rife with problems.

In another vein, self-serving testimony from Mr. McCabe on the *Andersen* factors is subjective and simply not enough in a case requesting over a quarter of a million dollars from a private citizen. *Andersen* factors provide little guidance, and the U.S. Supreme Court in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010), in discussing the federal "*Johnson* factors"[1] – which are nearly identical to the *Andersen* factors, cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee. For example, the *Andersen* factors do not assist in any in-depth analysis of the hours reasonably expended on the litigation, this Court must

---

[1] Johnson v. Georgia Highway Express, Inc.,488 F.2d 714, 717–19 (5th Cir. 1974) (the "Johnson factors"),1
abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

6

resolve issues of reasonable hourly rates, reasonable hours expended on the task in questions, and the adequacy of the billing records allowing a court to determine what exactly was done. The fee applicant should provide the court "sufficient information to make a meaningful evaluation" and exclude hours that are duplicative, excessive, redundant, inadequately documented, or otherwise unnecessary. *El Apple I, Ltd. v. Olivas*, 55 Tex. Sup. Ct. J. 954, 960 (Tex. June 22, 2012). This is where the analysis of the billing records is important, not solely reliance on the *Andersen* factors.

Third, Appellees turn Texas case law on its ear when they argue reliance on "foreign law" is somehow wrong. the lodestar approach, was pioneered by the Third Circuit in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F. 2d 161 (1973), appeal after remand, 540 F. 2d 102 (1976). Reliance on federal law is entirely appropriate in the determination of reasonably expended hours. In its analysis of the lodestar method, the Texas Supreme Court borrowed heavily from federal law and noted that in appropriate cases, Texas courts may consider "the far greater body of federal court experience with lodestar and fee shifting . . . ." *El Apple I, Ltd. v. Olivas*, 55 Tex. Sup. Ct. J. 954, 960 (Tex. June 22, 2012). *See Guity v. C.C.I. Ent., Co.,* 54 S.W.3d 526, 529 (Tex.App.–Houston [1st Dist.] 2001, no pet.):

> In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state law. *See Purcell*,

7

999 F.2d at 961 (setting out the federal standard); *Arthur Andersen v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (setting out the state standard and citing to TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R., art. X, § 9); *Gorges Foodservice, Inc. v. Huerta*, 964 S.W.2d 656, 673 (Tex. App.—Corpus Christi 1997, no pet.).

Other cases were also cited in Dr. Toledo's opening brief and in the Opposition filed in the trial court showing that Texas often does rely on federal jurisprudence.

### Redactions/Privilege

First, the claim that the incidents of redactions were isolated is wrong. Examples were shown, but the billings are permeated with redactions and listed and cited to the records. The trial court asked for an unredacted version of the billing statements. Those were not submitted.

Appellees cited several cases suggesting that redactions are permitted. The cases are fact specific and do not expound on the assertion of attorney client privilege and the offensive use waiver of the privilege sanctioned by the Texas courts and the Texas Supreme Court.

Aside from the fact that the affirmative use waiver was never brought as an issue in the Appellees' cited authorities, those cases are otherwise distinguishable. For example, in *Sentinel Integrity Solutions, Inc. v. Mistras Grp., Inc.,* 414 S.W.3d 911 (Tex. App.—Houston [1st Dist.] 2013, pet denied)*,* while lip service was given

8

to the redactions, a review of the briefings on appeal, shows this was not an issue on appeal. [Documents retrieved from the case search link at http://www.txcourts.gov].[2]

*Woodhaven Partners, Ltd. V. Shamoun & Norman, LLP*, 422 S.W.3d 821 (Tex.App.—Dallas 2014, no pet.) was not a lodestar case.

In *John Moore Servs., Inc. v. Better Bus. Bureau of Metro. Houston Inc.,* No. 01-14-00906-CV, 2016 Tex. App. LEXIS 5814, 2016 WL 3162206, at *1, 7 (Tex. App.—Houston [1st Dist.] June 2, 2016, no pet.), the court determined that the invoices were not so heavily redacted as to obscure the tasks that were performed. Dr. Toledo, on the other hand, has explicitly pointed out that the redactions obscured the tasks that were performed. The court in *John Moore* did consider the redactions but found that many of the entries on the billing invoices were not so heavily redacted as to obscure the tasks that were performed.

The issue is a highly fact specific inquiry and no case announces categorical rules.

### The *Robinson* Fee Award is NOT one of Similarity:
*Andersen factor 12, "awards in similar cases"*

Appellees sticks to their guns in arguing that the *Robinson* case and the Toledo case are comparable. All Dr. Toledo did was file her Petition in state court, getting

---

[2] http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=a61bf6f3-1348-4d4d-a68d-d209cd16218f&coa=coa01&DT=Brief&MediaID=59824609-9294-4f2c-8aaa-7b8949d850f2

favorable results in the trial court and the 9th Circuit Court of Appeals. This was not a case of Dr. Toledo's vexatious conduct in prolonging litigation. And, as important, the plaintiff is *Robinson* did **not contest the fee petition.** Appellees seriously underestimate the significant differences between the two cases. The Court must ignore the *Robinson* case as "similar."

## The John Moore Case

Appellees now argue that *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 2013 WL 3716693, at *12 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) supports their fee. That case involved allegations of fraud, advertising misrepresentations, business disparagement, misrepresentations in BBB ratings, misrepresentations of independence and neutrality, and tortious interference, application of the TCPA exclusions, as well as defamation. Simply because the two cases involve the TCPA does not give support where the cases were different and there is the inability to determine, without the relative invoicing as to what was done, how it was done, and who did it. What may be reasonable in one case does not make it reasonable in another. Vetting the list of detailed services in Dr. Toledo's case is imperative to determine reasonableness. This is a factual inquiry and does not figure into the Appellee's burden of proof as to reasonableness.

## CONCLUSION

A "reasonable" attorney's fee "is one that is not excessive or extreme, but rather moderate or fair." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010) cited in *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (a TCPA fee case). The TCPA requires an award of "reasonable attorney's fees" to the successful movant. See Tex. Civ. Prac. & Rem. Code § 27.009(a)(1). Discretion is not unlimited; the trial court ruling does not reflect valid judicial consideration of whether the fees allegedly incurred were reasonably necessary. Its conclusion was clearly erroneous.

Dr. Toledo has demonstrated in her opening brief that the trial court erred, and the response of Appellees does not provide a basis for affirmance. Appellee's brief recites facts it deems favorable to its position but fails to reckon with the problems inherent in its billing and the trial court's judgment ignoring them.

For the reasons set forth in this reply brief and the opening brief, this Court should reverse/reduce the trial court's award of attorney's fees of a quarter of a million dollars on a case decided on briefs.

Respectfully submitted,

HOUSE PERRON & HOUSE PLLC

_____

Joe House
Attorney in Charge
TX. Bar No. 10042150
Email: joe@houseperron.com
Carla Perron
TX Bar No. 24042791
Ben House
TX. Bar No. 24092540
Email: ben@houseperron.com
Norfolk Tower
 2211 Norfolk Street
Suite 1150
Houston, Texas 77098
Phone: 281-762-1377
Fax: 866-342-7683

**ATTORNEYS FOR APPELLANT
MINDA LAO TOLEDO**

12

## CERTIFICATE OF COMPLIANCE

**Cross Appellee's Response Brief:**

I certify that this document brief/petition was prepared with Microsoft Word 2016, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(2)(B) contain 219 words.

**Appellant's Reply Brief:**

I certify that this document brief/petition was prepared with Microsoft Word 2016, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(2)(C) contain 2389 words.

_____

Joe House

**CERTIFICATE OF SERVICE**

I, Joe House, do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following attorneys of record pursuant to the Texas Rules of Civil Procedure by e-service and/or email on this 9th day of January, 2018.

Michael A. McCabe
Texas Bar No. 24007628
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Fax: (972) 628-3616
**ATTORNEYS FOR KBMT OPERATING COMPANY, LLC, KBMT LICENSE COMPANY, LLC, BRIAN BURNS, JACKIE SIMIEN, AND TRACY KENNICK**

_____
JOE HOUSE

14